## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN POST, Individually and On Behalf of All Others Similarly Situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____<br>) |
| v. | ) JURY TRIAL DEMANDED<br>) |
| TERRAFORM POWER, INC., BRIAN LAWSON, CAROLYN J. BURKE, CHRISTIAN S. FONG, HARRY GOLDGUT, RICHARD LEGAULT, MARK MCFARLAND, SACHIN SHAH, BROOKFIELD RENEWABLE PARTNERS, L.P., BROOKFIELD RENEWABLE CORPORATON, 2252876 ALBERTA ULC, and TERRAFORM POWER NY HOLDINGS, INC., | ) CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.  On March 16, 2020, TerraForm Power, Inc.'s ("TerraForm" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused TerraForm to enter into an agreement and plan of reorganization (the "Agreement") with Brookfield Renewable Partners L.P. ("BEP"), Brookfield Renewable Corporation ("BEPC"), 2252876 Alberta ULC ("Acquisition Sub," and together with BEP and BEPC, the "BEP Entities"), and TerraForm Power NY Holdings, Inc. ("Holdings").

2. The Agreement provides for, among other things, the acquisition by the BEP Entities of TerraForm's Class A common stock not already owned by BEP and its affiliates in exchange for either 0.381 Class A exchangeable subordinate voting shares of BEPC or 0.381 of a limited partnership unit of BEP per share (the "Proposed Transaction"). BEP and its affiliates currently own approximately 62% of TerraForm's Class A common stock.

3. On June 30, 2020, defendants filed a proxy statement/prospectus (the "Prospectus") with the United States Securities and Exchange Commission (the "SEC"), which recommends that TerraForm's stockholders vote to approve the Proposed Transaction at a special meeting of stockholders scheduled for July 29, 2020.

4. The Prospectus omits material information with respect to the Proposed Transaction, which renders the Prospectus false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Prospectus.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of TerraForm common stock.

9. Defendant TerraForm is a Delaware corporation and maintains its principal executive offices at 200 Liberty Street, 14th Floor, New York, New York 10281. TerraForm's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "TERP."

10. Defendant Brian Lawson ("Lawson") is Chairman of the Board of the Company. Lawson is a Vice Chair of Brookfield Asset Management ("Brookfield"). Lawson joined Brookfield in 1988 and has held a number of senior management positions in Brookfield's investment and finance operations, including serving as Chief Financial Officer from 2002 to 2020.

11. Defendant Carolyn J. Burke ("Burke") is a director of the Company. Burke is a member of the so-called special committee of the Board (the "Special Committee").

12. Defendant Christian S. Fong ("Fong") is a director of the Company. Fong is a member of the Special Committee.

13. Defendant Harry Goldgut ("Goldgut") is a director of the Company. Goldgut is Executive Chairman of Brookfield's infrastructure and power groups and has been with Brookfield since 1997.

14. Defendant Richard Legault ("Legault") is a director of the Company. Legault is Vice Chairman of Brookfield and sits on several boards for the Brookfield group, including Isagen and Westinghouse Corporation. From 2015 to 2018, Legault served as Executive Chairman of BEP.

15. Defendant Mark McFarland ("McFarland") is a director of the Company. McFarland is Chair of the Special Committee.

16. Defendant Sachin Shah ("Shah") is a director of the Company. Shah is a Senior Managing Partner and Chief Executive Officer of the Brookfield Renewable Group, and Chief Executive Officer of BEP. Shah joined Brookfield in 2002.

17. The defendants identified in paragraphs 10 through 16 are collectively referred to herein as the "Individual Defendants."

18. Defendant BEP is a limited partnership formed under the laws of Bermuda and a party to the Agreement.

19. Defendant BEPC is a corporation incorporated under the laws of British Columbia, an indirect subsidiary of BEP, and a party to the Agreement.

20. Defendant Acquisition Sub is an unlimited liability corporation incorporated under the laws of Alberta, a wholly-owned subsidiary of BEP, and a party to the Agreement.

21. Defendant Holdings is a newly-formed New York corporation, a wholly-owned subsidiary of TerraForm, and a party to the Agreement.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of TerraForm (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

23. This action is properly maintainable as a class action.

24. The Class is so numerous that joinder of all members is impracticable. As of March 13, 2020, there were approximately 86,619,623 shares of TerraForm common stock outstanding, held by hundreds, if not thousands, of individuals and entities not affiliated with BEP scattered throughout the country.

25. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

26. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

27. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

28. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

29. TerraForm owns and operates a renewable power portfolio of solar and wind assets located primarily in the U.S. and E.U., totaling more than 4,200 MW of installed capacity.

30. On March 16, 2020, TerraForm's Board caused the Company to enter into the Agreement.

31.     Pursuant to the terms of the Agreement, the BEP Entities will acquire all of the outstanding shares of TerraForm's Class A common stock not already owned by BEP and its affiliates in exchange for either 0.381 Class A exchangeable subordinate voting shares of BEPC or 0.381 of a limited partnership unit of BEP.

32.     According to the press release announcing the Proposed Transaction:

Brookfield Renewable Partners L.P. ("Brookfield Renewable" or "BEP") (TSX: BEP.UN; NYSE: BEP) and TerraForm Power, Inc. ("TerraForm Power" or "TERP") (Nasdaq: TERP) today announced that they have entered into a definitive merger agreement for Brookfield Renewable to acquire all of the outstanding shares of Class A common stock of TerraForm Power, other than the approximately 62% currently owned by Brookfield Renewable and its affiliates.

Each share of Class A common stock of TerraForm Power will be acquired for consideration equivalent to 0.381 of a Brookfield Renewable unit. For each share of TerraForm Power's Class A common stock held, TERP shareholders will be entitled to receive, at their election, either Class A shares of Brookfield Renewable Corporation ("BEPC shares") or limited partnership units of Brookfield Renewable ("BEP units"). . . .

Transaction Details

As consideration for the transaction, TERP shareholders can elect to receive, for each share of TerraForm Power Class A common stock held, either BEPC shares or BEP units. Consideration for each share of Class A common stock of TERP will be equivalent to 0.381 of a BEP unit. TERP shareholders who do not make any election will receive BEPC shares. There is no limit on the number of TERP shares that may be exchanged for BEPC shares or BEP units.

As previously announced, Brookfield Renewable also intends to make a special distribution of BEPC shares to its unitholders. BEPC is a Canadian corporation and will be listed on the TSX and NYSE. The BEPC shares are structured with the intention of being economically equivalent to a BEP unit, including identical distributions, as and when declared, and will be fully exchangeable at any time, at the shareholder's option, for a BEP unit on a one-for-one basis. As such, offering TERP shareholders the right to elect to receive BEP units or BEPC shares provides them the option of investing in Brookfield Renewable through a partnership or corporate structure. The exchange ratio will proportionally reflect the contemplated special distribution of BEPC shares to Brookfield Renewable unitholders, which we expect to close concurrently with the closing of the transaction.

The transaction is subject to, among other things, the non-waivable approval of TERP shareholders representing a majority of the outstanding shares of TERP Class A common stock not owned by Brookfield Renewable and its affiliates. The transaction is also subject to other customary closing conditions and is expected to close in the third quarter of 2020.

BMO Capital Markets and Scotiabank are serving as financial advisors and Cravath, Swaine & Moore LLP and Torys LLP are serving as legal counsel to Brookfield Renewable.

Morgan Stanley & Co. LLC and Greentech Capital Advisors are serving as financial advisors and Kirkland & Ellis LLP and Richard, Layton and Finger LLP are serving as legal counsel to the Special Committee.

***The Prospectus Omits Material Information, Rendering It False and Misleading***

33. Defendants filed the Prospectus with the SEC in connection with the Proposed Transaction, which seeks approval of the Proposed Transaction at a stockholder meeting scheduled for July 29, 2020.

34. As set forth below, the Prospectus omits material information with respect to the Proposed Transaction, which renders the Prospectus false and misleading.

35. First, the Prospectus omits material information regarding the Company's and BEP's financial projections.

36. With respect to the "Net Asset Value (NAV) Model" for the Company, the Prospectus fails to disclose: (i) all line items used to calculate (a) Adjusted EBITDA, (b) Cash Available for Distribution, and (c) Cash Flow to Equity; and (ii) the updates and adjustments made to the NAV Model during the process leading up to the execution of the Merger Agreement.

37. With respect to the "Five-Year Business Plan Model" for the Company, the Prospectus fails to disclose: (i) all line items used to calculate (a) Adjusted EBITDA and (b) Cash Available for Distribution; and (ii) the updates and adjustments made to the Five-Year Business Plan Model during the process leading up to the execution of the Merger Agreement.

38. With respect to the "BEP Management Forecasts," the Prospectus fails to disclose: (i) all line items used to calculate (a) Adjusted EBITDA and (b) Funds from Operations; and (ii) the updates and adjustments made to the BEP Management Forecasts during the process leading up to the execution of the Merger Agreement.

39. With respect to the "Adjusted BEP Forecasts," the Prospectus fails to disclose all line items used to calculate: (i) Adjusted EBITDA; and (ii) Funds from Operations.

40. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

41. Second, the Prospectus omits material information regarding the analyses performed by the Company's financial advisors in connection with the Proposed Transaction, Morgan Stanley & Co. LLC ("MS") and Greentech Capital Advisors Securities, LLC ("Greentech").

42. With respect to MS's Levered Discounted Cash Flow Analysis (NAV Model Analysis), the Prospectus fails to disclose: (i) all line items used to calculate projected cash flow to equity; and (ii) the individual calculated inputs and assumptions underlying the discount rates of 4.1% and 5.1%.

43. With respect to MS's Levered Discounted Cash Flow Analysis (Five-Year Business Plan Model Analysis), the Prospectus fails to disclose: (i) the terminal values for TerraForm; and (ii) the individual calculated inputs and assumptions underlying the discount rates of 4.1% and 5.1%.

44. With respect to MS's Equity Research Analysts' Price Targets analysis, the Prospectus fails to disclose: (i) the individual price targets observed by MS in the analysis; (ii) the sources thereof; and (iii) the individual calculated inputs and assumptions underlying the discount rate of 4.6%.

45. With respect to Greentech's Discounted Cash Flow Analysis of TerraForm, the Prospectus fails to disclose: (i) all line items used to calculate cash flow to equity; (ii) the terminal values for TerraForm; and (iii) the individual calculated inputs and assumptions underlying the discount rate range of 5.95% to 6.45% and the perpetual growth rates of 0.75% to 1.25%.

46. With respect to Greentech's Discounted Cash Flow Analysis of BEP, the Prospectus fails to disclose: (i) all line items used to calculate cash flow to equity; (ii) the terminal values for BEP; and (iii) the individual calculated inputs and assumptions underlying the discount rate range of 5.92% to 6.42% and the perpetual growth rates of 1.25% to 1.75%.

47. With respect to Greentech's Sum-of-the-Parts Analyses, the Prospectus fails to disclose: (i) the cash flows from each project within the TerraForm forecasts; (ii) the individual calculated inputs and assumptions underlying the discount rates used in the analyses; and (iii) the value ascribed to the future growth of assets and cash flow for the years 2020 to 2024 to be realized through acquisitions and organic investments, and funded through the sale of assets or through the sale of new shares of common stock, as used in the analyses.

48. With respect to Greentech's analysis of price targets, the Prospectus fails to disclose: (i) the individual price targets observed by Greentech in the analysis; and (ii) the sources thereof.

49. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

50. Third, the Prospectus omits material information regarding MS's engagement.

51. The Prospectus fails to disclose the timing and nature of the past services MS provided to the parties to the Agreement and their affiliates.

52. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

53. The omission of the above-referenced material information renders the Prospectus false and misleading, including, *inter alia*, the following sections of the Prospectus: (i) Background of the TERP Acquisition; (ii) Reasons for the Special Committee's Recommendation; (iii) Reasons for the TerraForm Power Board's Recommendation; (iv) Opinions of Financial Advisors to the Special Committee of TerraForm Power; (v) Certain TerraForm Power Forecasts; and (vi) Certain BEP Forecasts.

54. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and TerraForm**

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary

10

to make the statements therein not materially false or misleading. TerraForm is liable as the issuer of these statements.

57.     The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

58.     The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

59.     The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

60.     The Prospectus is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

61.     By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

62.     Because of the false and misleading statements in the Prospectus, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants, the BEP Entities, and Holdings

63.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

64.     The Individual Defendants, BEP Entities, and Holdings acted as controlling persons of TerraForm within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of

their positions as officers and/or directors of TerraForm and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

65. Each of the Individual Defendants, the BEP Entities, and Holdings was provided with or had unlimited access to copies of the Prospectus alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

66. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Prospectus.

67. The BEP Entities and Holdings also had supervisory control over the composition of the Prospectus and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Prospectus.

68. By virtue of the foregoing, the Individual Defendants, the BEP Entities, and Holdings violated Section 20(a) of the 1934 Act.

69. As set forth above, the Individual Defendants, the BEP Entities, and Holdings had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By

virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Prospectus that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

|  |  |
|---|---|
| Dated: July 8, 2020 | **RIGRODSKY & LONG, P.A.** |
| | By: */s/ Gina M. Serra* |
| | Seth D. Rigrodsky (#3147) |
| | Brian D. Long (#4347) |
| | Gina M. Serra (#5387) |
| **OF COUNSEL:** | 300 Delaware Avenue, Suite 1220 |
| | Wilmington, DE 19801 |
| **RM LAW, P.C.** | Telephone: (302) 295-5310 |
| Richard A. Maniskas | Facsimile: (302) 654-7530 |
| 1055 Westlakes Drive, Suite 300 | Email: sdr@rl-legal.com |
| Berwyn, PA 19312 | Email: bdl@rl-legal.com |
| Telephone: (484) 324-6800 | Email: gms@rl-legal.com |
| Facsimile: (484) 631-1305 | |
| Email: rm@maniskas.com | *Attorneys for Plaintiff* |